Annette P. EISENSON, as Guardian of Joel Lonnie Eisenson, a minor, Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY, a New York corporation, Defendant.

TCA No. 506.

United States District Court
N. D. Florida, Tallahassee Division.
June 28, 1955.

Leo S. Foster of Caldwell, Parker, Foster & Wigginton, Tallahassee, Fla., for plaintiff.

Yonge, Beggs & Lane, Pensacola, Fla., for defendant.

DE VANE, District Judge.

This is an action on a life insurance policy written on the life of plaintiff for the use and benefit of her son, Joel Lonnie Eisenson, being an educational 12-year endowment policy wherein defendant covenanted and bound itself to pay the face amount of $5,000 on the maturity date, November 12, 1954, to the beneficiary named therein.

Subsequent to the issuance of the policy plaintiff divorced her husband, I. Linden Eisenson, and the decree of divorce provided as follows:

"It is further Ordered, Adjudged And Decreed that the defendant be and he is hereby ordered and required to keep in full force and effect the educational policy of insurance that he now has and is carrying for the use and benefit of said child for defraying the educational expenses up to and including $5,000.00; that said policy be continued in its present form."

The father retained possession of the policy following the divorce, paid all premiums accruing thereon, declined to surrender same to plaintiff when the same became due and attempted to direct the insurance company the manner in which monthly payments were to be made to the son over a five-year period. Plaintiff demanded payment in one lump sum of the full amount of the policy to her, as guardian of her son, who was then and still is a minor.

In response to the demands of the beneficiary's father the insurance company notified him that the company proposed in ordinary course to pay to the guardian of the beneficiary in a lump sum the full amount of the policy upon the surrender of the policy, in accordance with its terms. At the same time and on the same date defendant wrote counsel for plaintiff advising of the demands made upon it by the beneficiary's father and requesting information as to whether or not there had been "any agreement between the parties in this respect." At the same time the insurance company requested

the surrender of the policy in accordance with its terms.

Counsel for plaintiff promptly responded to the letter of the insurance company informing the company plaintiff did not have possession of the policy that same was in possession of beneficiary's father, and disregarding the provisions in the policy, with reference to its surrender prior to payment, persisted in the demand that the policy be paid promptly and that unless it was so paid suit would be instituted. The policy not being paid in accordance with this demand plaintiff instituted this action against defendant.

Defendant promptly filed an answer to the complaint and a counterclaim for interpleader tendering the amount due on the policy and seeking authority to pay it into the registry of this court. Plaintiff filed a motion to strike the interpleader and on hearing the court granted this motion. When this motion came on for hearing and counsel for plaintiff announced their inability to comply with the terms of the policy as to its surrender prior to payment because the same was in possession of beneficiary's father, the court directed plaintiff to make the father a third-party defendant in this case, so as to get possession of the policy and bring about a prompt adjustment of the controversy. When informed of the court's action in this respect the father of the beneficiary promptly surrendered the policy to counsel for plaintiff, whereupon counsel for plaintiff tendered the policy to defendant, and upon receipt thereof defendant deposited in the registry of the court the full amount due under said policy.

The matter came on for hearing before the court primarily upon the issue as to whether plaintiff is entitled to recover of and from the defendant, attorney's fees as authorized by F.S. § 625.08, F.S.A. The case is now before the court on a motion of plaintiff for summary judgment, which raises only this issue.

From the evidence before the court it appears that plaintiff never placed herself in position to demand of defendant payment of the policy prior to the institution of this suit. The court held on the motion to strike the counterclaim for interpleader that said counterclaim for interpleader set up no valid grounds therefor, thereby taxing plaintiff with costs and attorney's fees in this case. Upon all the facts in the case, what the court held with reference to the right of defendant to interplead is equally applicable to plaintiff. Having never placed herself in position to demand payment of the amount due on the policy prior to the time the policy was surrendered to defendant, there was no wrongful refusal on the part of the insurance company to pay same. It would be as unfair to tax an attorney's fee in this case against defendant as it would have been for the court to have allowed the counterclaim for interpleader in this case. Attorney's fees will, therefore, be denied. Otherwise an appropriate judgment will be entered in this case in behalf of plaintiff.